Judge McMahon
08 CV 6815

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DISTRICT 6 HEALTH PLAN and its TRUSTEES,

          Plaintiff,

08 Civ. _____



-against-

COMPLAINT

MERMAID MANOR ASSISTED LIVING PROGRAM
and MERMAID MANOR HOME FOR ADULTS, LLC

          Defendants.

Plaintiff, by and through its attorneys, Barnes, Iaccarino, Virginia, Ambinder & Shepherd, PLLC, as and for its Complaint, respectfully alleges as follows:

### NATURE OF THE ACTION

1. This is a civil action brought pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act ("ERISA") of 1974, as amended, 29 U.S.C. §§ 1132(a)(3), 1145, and Section 301 of the Labor-Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185, by a multiemployer health plan (the "Plan") through its Board of Trustees, for injunctive and other equitable relief under ERISA and for breach of contract to secure performance by an employer of specific statutory and contractual obligations to pay and/or submit the required monetary contributions and/or reports to the Plan. This Complaint alleges that by failing, refusing or neglecting to pay the required monetary contributions to the Plan, Defendants violated their collective bargaining agreements with the District 6 International Union of Industrial, Service, Transport and Health Employees (the "Union") and the trust agreement of the Plan, as well as committed violations of ERISA.

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 185 and 29 U.S.C. § 1132(e)(1).

3. Venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) and 29 U.S.C. § 185(a).

## THE PARTIES

4. The Plan is a multiemployer labor-management employee benefit trust fund under a collective bargaining agreement in accordance with Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). The Plan is a multiemployer employee benefit plan within the meaning of Sections 3(3), 3(37), and 515 of ERISA, 29 U.S.C. §§ 1002(3), (37) and 1145. The Plan is administered at 730 Broadway, New York, New York 10003. The Plan is represented in this action by its Trustees, who are each a "fiduciary" with respect to the Plan within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

5. Upon information and belief, at all times relevant hereto, Defendant Mermaid Manor Assisted Living Program, LLC ("MMALP") was and is a corporation doing business in the State of New York as an employer within the meaning of Sections 3(5) and 515 of ERISA, 29 U.S.C. §§ 1002(5) and 1145, and was and is an employer in an industry affecting commerce within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185. MMALP maintains its principal place of business at 3602 Mermaid Avenue, Brooklyn, New York 11224.

6. Upon information and belief, at all times relevant hereto, Defendant Mermaid Manor Home for Adults, LLC ("MMHA") was and is a corporation doing business in the State of New York as an employer within the meaning of Sections 3(5) and 515 of ERISA, 29 U.S.C. §§ 1002(5) and 1145, and was and is an employer in an industry affecting commerce within the

meaning of Section 301 of the LMRA, 29 U.S.C. § 185. MMALP maintains its principal place of business at 3602 Mermaid Avenue, Brooklyn, New York 11224.

## BACKGROUND

7. The Plan provides health benefits to certain members of the Union and their beneficiaries pursuant to a prescribed plan of benefits.

8. At all times relevant hereto, Defendant MMALP was and is a signatory to a Collective Bargaining Agreement with the Union establishing the terms and conditions of employment for MMALP's employees performing work covered by the Collective Bargaining Agreement.

9. Pursuant to the Collective Bargaining Agreement, Defendant MMALP agreed to pay to the Plan benefit contributions for each hour worked by employees covered by the Collective Bargaining Agreement.

10. Defendant MMALP employed certain employees covered under the Collective Bargaining Agreement.

11. Defendant MMALP has not fulfilled its statutory and contractual obligations to pay the required health benefit contributions to the Plan on behalf of employees who perform work covered by the Collective Bargaining Agreement.

12. Representatives of the Plan completed a payroll audit of the books and records of Defendant MMALP covering the period from January 1, 2002 through December 31, 2006 revealing that Defendant MMALP owes the Plan delinquent benefit contributions in the amount of $50,214.98.

13. In accordance with the Trust Agreement and Collection Policy of the Plan, Defendant MMALP is liable for delinquent fringe benefit contributions, plus interest calculated

at the rate of ten percent (10%) per annum on the principal amount owed, liquidated damages of twenty percent (20%) of the principal amount owed, and all costs including, but not limited to, reasonable audit and accounting expenses, and attorneys' fees and costs

14. By letter, dated May 28, 2008, Plaintiffs made demand on Defendant MMALP for payment of the deficiencies assessed under the audit.

15. Although demand was duly made, Defendant MMALP failed, refused and neglected to make payment of the deficiencies assessed under the audit.

16. As a result of the foregoing, Defendant MMALP is liable to Plaintiff for damages for the period covering January 1, 2002 through December 31, 2006 in the total amount of at least $74,517.90, including delinquent contributions owed to the Plan in the amount of $50,214.98; liquidated damages in the amount of $10,043.00; audit costs in the amount of $1,232.50; and interest accrued to the date of the audit of $13,027.43, plus interest accrued to date, plus attorneys' fees and costs.

17. At all times relevant hereto, Defendant MMHA was and is a signatory to a Collective Bargaining Agreement with the Union establishing the terms and conditions of employment for MMHA's employees performing work covered by the Collective Bargaining Agreement.

18. Pursuant to the Collective Bargaining Agreement, Defendant MMHA agreed to pay to the Plan benefit contributions for each hour worked by employees covered by the Collective Bargaining Agreements.

19. Defendant MMHA employed certain employees covered under the Collective Bargaining Agreements.

20.     Defendant MMHA has not fulfilled its statutory and contractual obligations to pay the required health benefit contributions to the Plan on behalf of employees who perform work covered by the Collective Bargaining Agreement.

21.     Representatives of the Plan completed a payroll audit of the books and records of Defendant MMHA covering the period from January 1, 2002 through December 31, 2006 revealing that Defendant MMHA owes the Plan delinquent benefit contributions in the amount of $149,960.00.

22.     In accordance with the Trust Agreements and Collection Policies, Defendant MMHA is liable for the payment of delinquent fringe contributions, plus interest calculated at the rate of ten percent (10%) per annum on the principal amount owed, liquidated damages of twenty percent (20%) of the principal amount owed, and all costs including, but not limited to, reasonable audit and accounting expenses, and attorneys' fees and costs.

23.     By letter, dated May 28, 2008, Plaintiffs made demand on Defendant MMHA for payment of the deficiencies assessed under the audit.

24.     Although demand was duly made, Defendant MMHA failed, refused and neglected to make payment of the deficiencies assessed under the audit.

25.     As a result of the foregoing, Defendant is liable to Plaintiff for damages for the period from January 1, 2002 through December 31, 2006 in the total amount of at least $222,713.57, including delinquent contributions owed to the Plan in the amount of $149,960.00, liquidated damages in the amount of $29,992.00, audit costs in the amount of $1,912.50, and interest accrued to the date of the audit of $40,849.07, plus interest accrued to date, plus attorneys' fees and costs.

## FIRST CLAIM FOR RELIEF

26. The Plan repeats and realleges the allegations set forth in paragraphs 1 through 25 hereof.

27. As a result of work performed by individual employees of Defendant MMALP pursuant to the Collective Bargaining Agreement, there became due and owing to the Plan from Defendant MMALP at least $74,517.90, including benefit contributions in the amount of $50,214.98 pursuant to an audit covering the period from January 1, 2002 through December 31, 2006, plus interest of $13,027.43 on the principal amount owed calculated at ten percent (10%) per annum, plus interest accrued to date, plus liquidated damages in the amount of $10,043.00 calculated at twenty percent (20%) of the principal amount owed, plus audit costs of $1,232.50 and attorneys' fees and costs.

28. This failure, refusal or neglect of Defendant MMALP to make the required contributions to the Plan constitutes a violation of the Collective Bargaining Agreement by and between Defendant MMALP and the Union, of which the Plan is an intended third-party beneficiary.

29. Accordingly, Defendant MMALP is liable to the Plan for fringe benefit contributions in the amount of at least $74,517.91, including benefit contributions in the amount of $50,214.98 pursuant to an audit covering the period from January 1, 2002 through December 31, 2006, plus interest of $13,027.43 on the principal amount owed calculated at ten percent (10%) per annum, interest accrued to date, liquidated damages in the amount of $10,043.00 calculated at twenty percent (20%) of the principal amount owed, audit costs in the amount of $1,232.50, and attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF

30. The Plan repeats and realleges the allegations set forth in paragraphs 1 through 29 hereof.

31. Section 515 of ERISA, 29 U.S.C. § 1145, requires employers to pay benefit contributions in accordance with the terms and conditions of collective bargaining agreements.

32. Upon information and belief, Defendant MMALP, by the terms of the Collective Bargaining Agreement, failed to pay the required monetary contributions to the Plan due as a result of work performed by individual employees of Defendant MMALP. Such failure to make payment constitutes a violation of Section 515 of ERISA, 29 U.S.C. § 1145.

33. Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), provides that, upon a finding of an employer violation of Section 515 of ERISA, 29 U.S.C. § 1145, the Court shall award to a Plaintiff fund the unpaid benefit contributions, plus statutory damages and interest on the unpaid principal both computed at the rate provided for under the Plaintiff fund's plan or, if none, as set forth in the United States Internal Revenue Code, 26 U.S.C. § 6621, together with reasonable attorneys' fees, costs and disbursements incurred in the action.

34. Accordingly, Defendant MMALP is liable to the Plan for the payment of the required monetary contributions owed to the Plan in the amount of not less than $74,517.91, and is liable for the additional amount of said statutory damages, together with reasonable attorneys' fees, interest on the unpaid principal, costs and disbursements incurred in this action, pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

## THIRD CLAIM FOR RELIEF

35. The Plan repeats and realleges the allegations set forth in paragraphs 1 through 34 hereof.

36.  As a result of work performed by individual employees of Defendant MMHA pursuant to the Collective Bargaining Agreement, there became due and owing to the Plan from Defendant MMHA at least $222,713.57, including benefit contributions in the amount of $149,960.00 pursuant to an audit covering the period from January 1, 2002 through December 31, 2006, plus interest of $40,849.07 on the principal amount owed calculated at ten percent (10%) per annum, plus interest accrued to date, plus liquidated damages in the amount of $29,992.00, calculated at twenty percent (20%) of the principal amount owed, audit costs of $1,912.50 and attorneys' fees and costs.

37.  This failure, refusal or neglect of Defendant MMHA to make the required contributions to the Plan constitutes a violation of the Collective Bargaining Agreement by and between Defendant MMHA and the Union, of which the Plan is an intended third-party beneficiary.

38.  Accordingly, Defendant MMHA is liable to the Plan for fringe benefit contributions in the amount of at least $222,713.57, including benefit contributions in the amount of $149,960.00 pursuant to an audit covering the period from January 1, 2002 through December 31, 2006, plus interest of $40,849.07 on the principal amount owed calculated at ten percent (10%) per annum, plus interest accrued to date, plus liquidated damages in the amount of $29,992.00 calculated at twenty percent (20%) of the principal amount owed, audit costs of $1,912.50, and attorneys' fees and costs.

## FOURTH CLAIM FOR RELIEF

39.  The Plan repeats and realleges the allegations set forth in paragraphs 1 through 38 hereof.

40. Section 515 of ERISA, 29 U.S.C. § 1145, requires employers to pay benefit contributions in accordance with the terms and conditions of collective bargaining agreements.

41. Upon information and belief, Defendant MMHA, by the terms of the Collective Bargaining Agreement, failed to pay the required monetary contributions to the Plan due as a result of work performed by individual employees of Defendant MMHA. Such failure to make payment constitutes a violation of Section 515 of ERISA, 29 U.S.C. § 1145.

42. Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), provides that, upon a finding of an employer violation of Section 515 of ERISA, 29 U.S.C. § 1145, the Court shall award to a Plaintiff fund the unpaid benefit contributions, plus statutory damages and interest on the unpaid principal both computed at the rate provided for under the Plaintiff fund's plan or, if none, as set forth in the United States Internal Revenue Code, 26 U.S.C. § 6621, together with reasonable attorneys' fees, costs and disbursements incurred in the action.

43. Accordingly, Defendant MMHA is liable to the Plan for the payment of the required monetary contributions owed to the Plan in the amount of not less than $222,713.57, and is liable for the additional amount of said statutory damages, together with reasonable attorneys' fees, interest on the unpaid principal, costs and disbursements incurred in this action, pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

**WHEREFORE**, the Plan respectfully requests that this Court:

(1) Award the Plan judgment on its First Claim for Relief against Defendant MMALP as and for benefit contributions in the amount of not less than $74,517.91 based on an audit covering the period from January 1, 2002 through December 31, 2006, including benefit contributions in the amount of $50,214.98, plus interest of $13,027.43 on the principal amount owed calculated at ten percent (10%) per annum, plus interest accrued to date, plus liquidated

damages in the amount of $10,043.00 calculated at twenty percent (20%) of the principal amount owed, plus audit costs in the amount of $1,232.50, and attorneys' fees and costs incurred in connection with the auditing and collection procedures in accordance with the Collective Bargaining Agreement;

(2) Award the Plan judgment on its Second Claim for Relief against Defendant MMALP as and for fringe benefit contributions to the Plan in the amount of not less than $74,517.91, including benefit contributions in the amount of $50,214.98, plus interest of $13,027.43 on the principal amount owed calculated at ten percent (10%) per annum plus interest accrued to date, plus liquidated damages in the amount of $10,043.00 calculated at twenty percent of the principal amount owed, audit costs of $1,232.50, and attorneys' fees and costs incurred in connection with the auditing and collection procedures in accordance with the Collective Bargaining Agreement pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2);

(3) Award the Plan judgment on its Third Claim for Relief against Defendant MMHA as and for fringe benefit contributions to the Plan in the amount of not less than $222,713.57, including benefit contributions in the amount of $149,960.00, plus interest of $40,849.07 the principal amount owed calculated at ten percent (10%) per annum, interest accrued to date, liquidated damages in the amount of $29,992.00 calculated at twenty percent (20%)of the principal amount owed, audit costs in the amount of $1,912.50; and attorneys' fees and costs incurred in connection with the auditing and collection procedures in accordance with the Collective Bargaining Agreement;

(4) Award the Plan judgment on its Fourth Claim for Relief against Defendant MMHA as and for fringe benefit contributions to the Plan in the amount of not less than

$222,713.57, including benefit contributions in the amount of $149,960.00, plus interest of $40,849.07 the principal amount owed calculated at ten percent (10%) per annum, interest accrued to date, liquidated damages in the amount of $29,992.00 calculated at twenty percent (20%)of the principal amount owed, audit costs in the amount of $1,912.50; and attorneys' fees and costs incurred in connection with the auditing and collection procedures in accordance with the Collective Bargaining Agreement pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2);

(5)    Grant such further legal, equitable or other relief as the Court may deem just and proper.

Dated: New York, New York
       July 25, 2008

                              Respectfully submitted,

                              BARNES, IACCARINO, VIRGINIA,
                              AMBINDER & SHEPHERD, PLLC

                       By:    _____
                              Charles R. Virginia (CV 8214)
                              Trinity Centre
                              111 Broadway, Suite 1403
                              New York, New York 10006
                              Office Tel. No.: (212) 943-9080
                              *Attorneys for Plaintiffs*

U:\Winword Documents\District 6 Benefit Funds\Collections\Mermaid\Complaint July 2008.doc